UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. _____

STEVEN BEDIENT, individually and
on behalf of all others similarly situated,

    Plaintiff,

v.

PERMANENT GENERAL INSURANCE
COMPANIES, INC. d/b/a
THE GENERAL INSURANCE

    Defendant.
_____/

## DEFENDANT'S NOTICE OF REMOVAL

Defendant PERMANENT GENERAL INSURANCE COMPANIES, INC. d/b/a THE GENERAL INSURANCE ("**Defendant**" or "**The General**"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, hereby notices the removal of the above titled action from the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, Case No. 2022-CA-3459 (the "**State Court Action**") to the United States District Court for the Middle District of Florida. In support, Defendant states as follows:

**I.    INTRODUCTION**

1.    On April 27, 2022, Steven Bedient ("**Plaintiff**") filed a Class Action Complaint (the "**Complaint**") against Defendant in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, asserting one cause of action for an alleged violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (the "**TCPA**"), a federal statute, and a second cause of action for an alleged violation of the Florida Telephone Solicitation Act, Section 501.059, Florida Statutes (the "**FTSA**").

1

63697955;1

2. On May 6, 2022, Defendant was served with process. A true and correct copy of the Return/Affidavit of Service showing the date of service for Defendant is attached hereto as **Exhibit A**.

3. In accordance with 28 U.S.C. § 1446(a), copies of the process, pleadings, orders, all other papers or exhibits of any kind, and the docket in the State Court Action are attached hereto as **Composite Exhibit B**.

4. Defendant timely filed this Notice of Removal within thirty (30) days of the date of service of process.

5. Defendant is entitled to remove the State Court Action to this Court pursuant to 28 U.S.C. §§ 1331, 1441 and 1446 because the Court has original jurisdiction over all claims and actions arising under the "Constitution, laws or treaties of the United States," and the TCPA is a federal statute. *Duran v. Wells Fargo Bank, N.A.*, 878 F. Supp. 2d 1312, 1315–16 (S.D. Fla. 2012) ("This action was removed to this Court based on federal question jurisdiction, 28 U.S.C. § 1331, because the Complaint alleges a violation of the TCPA. . . . It is established that federal courts have subject matter jurisdiction over TCPA claims.") (internal citations omitted).

6. Defendant is removing the State Court Action to the Middle District of Florida, Tampa Division, because it is the venue "embracing the place where such action is pending," *i.e.*, the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. *See* 28 U.S.C. § 1441(a).

7. Concurrent with the filing of this Notice of Removal and in accordance with 28 U.S.C. § 1446(d), Defendant filed a true and correct copy of this Notice of Removal with the Clerk of the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida in the State Court Action. Defendant also served a copy on Plaintiff's counsel.

8. As set forth herein and below, Defendant has met and satisfied all requirements for removal.

## II. NATURE OF THE CASE

9. In his Complaint in the State Court Action, Plaintiff asserts one cause of action for an alleged violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (the "**TCPA**"), a federal statute, and a second cause of action for an alleged violation of the Florida Telephone Solicitation Act, Section 501.059, Florida Statutes (the "**FTSA**").

10. Specifically, Plaintiff alleges that "over the past year, Defendant began bombarding Plaintiff with telephonic sales calls to Plaintiffs' cellular telephone." *See* Compl., ¶ 11. Plaintiff alleges that some of those telephonic sales calls (*i.e.*, text messages) occurred in November of 2021.

11. Plaintiff's TCPA claim asserts that Defendant violated 47 C.F.R. § 64.1200(d) and 47 U.S.C. § 227(c) by sending these text messages to Plaintiff "without disclosing the name of the entity" and the "name of the individually caller" on whose behalf they were sent *See* Compl., ¶¶ 46-47.

12. Plaintiff also asserts that these text messages were sent using an "automated system for the selection or dialing of telephone numbers" without Plaintiff's prior express written consent (Compl., ¶¶ 39-42), and therefore violated the FTSA.

13. The Complaint alleges that Defendant's text messages caused Plaintiff and class members harm, including statutory damages, inconvenience, invasion of privacy, aggravation, [and] annoyance." *See* Compl., ¶ 24.

14. Plaintiff seeks, *inter alia*, to certify two proposed classes relating to each of the causes of action pled in the Complaint. *See* Compl., ¶¶ 25, Prayer for Relief.

**III.     LEGAL GROUNDS FOR REMOVAL**

15.     Federal question jurisdiction exists here.

16.     Plaintiff's Complaint is, on its face, brought pursuant to a federal statute and federal regulations, as it alleges violations of the TCPA and its concomitant regulations.

17.     Federal question jurisdiction is governed by the "well-pleaded complaint rule," and federal jurisdiction exists when a federal question is presented on the face of a plaintiff's complaint. *See Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987). "[T]he Court must look at the plaintiff's complaint at the time of removal." *Ehlen Floor Covering, Inc. v. Lamb*, 660 F.3d 1283, 1287 (11th Cir. 2011); *Vincent v. Regions Bank*, No. 808-CV-1756-T-23EAJ, 2008 WL 5235114, at *1 (M.D. Fla. Dec. 15, 2008); *Gables Ins. Recovery v. United Healthcare Ins. Co.,* 39 F. Supp. 3d 1377, 1383 (S.D. Fla. 2013) (same).

18.     It is undisputed that the TCPA, a federal statute, creates Plaintiff's alleged claim. A suit arises under the law that creates the cause of action. *Mims v. Arrow Financial Services, LLC,* 565 U.S. 368, 377 (2012).

19.     As a result, Plaintiff's TCPA claim arises under the laws of the United States within the meaning of 28 U.S.C. §1331 and this Court has original jurisdiction pursuant to 28 U.S.C. §1331. *Id.* at 372.

20.     Removal of this putative TCPA class action is proper, and this Court has jurisdiction pursuant to 28 U.S.C. §1441(a). *See Mims*, 565 U.S. at 386; *Duran v. Wells Fargo Bank, N.A.*, 878 F. Supp. 2d 1312, 1315-16 (S.D. Fla. 2012).

**IV.     PRESERVATION OF RIGHTS**

21.     By virtue of this Notice of Removal and the Notice filed in the State Court Action, Defendant does not waive its rights to assert any defenses, including but not limited to, personal

jurisdictional and venue defenses, the legal sufficiency of the claims alleged in the State Court Action, or any other motions including but not limited to, Rule 12 motions, motions to compel arbitration, or both, as otherwise permitted by the Federal Rules of Civil Procedure and/or governing law.

### V.   CONCLUSION

WHEREFORE, Defendant removes this action from the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, to this Court, and respectfully requests that this Court assume full jurisdiction over this case, action and all causes and defenses herein, as provided by law.

Dated: May 26, 2022.                                  Respectfully submitted,

                                                      */s/ Jeffrey B. Pertnoy*
                                                      Jeffrey B. Pertnoy, Esq.
                                                      Florida Bar No. 91939
                                                      jeffrey.pertnoy@akerman.com
                                                      **AKERMAN LLP**
                                                      Three Brickell City Centre
                                                      98 Southeast Seventh Street, Suite 1100
                                                      Miami, FL  33131
                                                      Phone:  (305) 374-5600
                                                      Fax:  (305) 374-5095

                                                      *Counsel for Defendant*

### CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2022, a true and correct copy of Defendant's Notice of Removal was served *via* e-mail upon Plaintiff's counsel of record in the State Court Action:

   Andrew Shamis, Esq. Ashamis@shamisgentile.com
   Garrett Berg, Esq. gberg@shamisgentile.com
   Scott Edelsberg, Esq. scott@edelsberglaw.com
   Christopher Gold, Esq. chris@edelsberglaw.com

                                                      */s/ Jeffrey B. Pertnoy*
                                                      Attorney