UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. 8:22-cv-01220

STEVEN BEDIENT, individually and
on behalf of all others similarly situated,

    Plaintiff,

v.

PERMANENT GENERAL INSURANCE
COMPANIES, INC. d/b/a
THE GENERAL INSURANCE

    Defendant.
_____/

**DEFENDANT'S _UNOPPOSED_ MOTION FOR ENLARGEMENT
OF TIME TO RESPOND TO COMPLAINT**

Defendant PERMANENT GENERAL INSURANCE COMPANIES, INC. d/b/a THE GENERAL INSURANCE ("**Defendant**" or "**The General**"), by and through its undersigned counsel, moves for a brief enlargement of time of 21 additional days, through and including **June 23, 2022** to respond to the Class Action Complaint (the "**Complaint**"; ECF No. 1) filed by Plaintiff Steven Bedient ("**Plaintiff**"), and states as follows:

1.    On April 27, 2022, Plaintiff filed his Complaint against Defendant in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, asserting one cause of action for an alleged violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (the "**TCPA**"), a federal statute, and a second cause of action for an alleged violation of the Florida Telephone Solicitation Act, Section 501.059, Florida Statutes (the "**FTSA**").

2.    On May 6, 2022, Defendant was served with process.

3.    On May 26, 2022, Defendant removed this action to this Court. [ECF No. 1].

4. Defendant recently retained the undersigned to investigate the facts alleged in Plaintiff's Complaint and to defend this action.

5. Pursuant to Rule 81(c)(2), Fed. R. Civ. P., Defendant's response to the Complaint is due within seven (7) days from the date of removal – to wit, June 2, 2022.

6. Defendant is in need of additional time to respond to the Complaint because (i) the undersigned has not yet had a chance to investigate the factual underpinnings of this case and fully develop defenses to the causes of action alleged, and (ii) the undersigned is scheduled for a five (5) day trial in Miami-Dade County on a two-week trial docket commencing June 6, 2022 and running through June 17, 2022.

7. Plaintiff will not be prejudiced by the requested extension.

8. This is Defendant's first request for an extension.

9. **Plaintiff's counsel has agreed to the requested extension.**

**WHEREFORE**, Defendant respectfully requests that the Court enter an Order extending the deadline for Defendant to respond to Plaintiff's Complaint by 21 additional days, through and including **June 23, 2022** and granting Defendant such further and additional relief as this Court deems just and proper.

Dated: May 26, 2022.                                     Respectfully submitted,

/s/ Jeffrey B. Pertnoy
Jeffrey B. Pertnoy, Esq.
Florida Bar No. 91939
jeffrey.pertnoy@akerman.com
**AKERMAN LLP**
Three Brickell City Centre
98 Southeast Seventh Street, Suite 1100
Miami, FL  33131
Phone:  (305) 374-5600
Fax:  (305) 374-5095

*Counsel for Defendant*

2

63699075;1

## CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2022, a true and correct copy of Defendant's Notice of Removal was served *via* e-mail upon Plaintiff's counsel of record in the State Court Action:

Andrew Shamis, Esq. Ashamis@shamisgentile.com
Garrett Berg, Esq. gberg@shamisgentile.com
Scott Edelsberg, Esq. scott@edelsberglaw.com
Christopher Gold, Esq. chris@edelsberglaw.com

*/s/ Jeffrey B. Pertnoy*
Attorney